**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 30 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: SARAH MARGARET TAYLOR,<br><br>Debtor,<br><br>------------------------------<br><br>SARAH MARGARET TAYLOR,<br><br>Appellant,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION; et al.,<br><br>Appellees. | No. 20-60032<br><br>BAP No. 18-1197<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Gan, Brand, and Spraker, Bankruptcy Judges, Presiding

Submitted June 26, 2023[**]

Before: CANBY, S.R. THOMAS, CHRISTEN, Circuit Judges.

Chapter 7 debtor Sarah Margaret Taylor appeals pro se from the Bankruptcy

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appellate Panel's ("BAP") judgment affirming the bankruptcy court's order approving the settlement agreement between the bankruptcy trustee, Elizabeth A. Kane, and various state parties. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The bankruptcy court did not abuse its discretion in approving the settlement agreement because the bankruptcy court properly considered the relevant factors and reasonably concluded that the agreement was fair and equitable. *See In re A & C Props.*, 784 F.2d 1377, 1380-81 (9th Cir. 1986) (setting forth standard of review and explaining the relevant factors to consider when approving a compromise agreement).

To the extent that Taylor challenges the bankruptcy court's order approving the settlement agreement between the trustee and U.S. Bank National Association, we lack jurisdiction to consider Taylor's contentions because her notice of appeal was untimely as to that order. *See* Fed. R. Bankr. P. 8002(a)(1) (notice of appeal from a bankruptcy court order must be filed within 14 days after the filing of the order); *Anderson v. Mouradick (In re Mouradick)*, 13 F.3d 326, 327 (9th Cir. 1994) ("The provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the

bankruptcy court's order.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending requests are denied.

**AFFIRMED.**